Richard **WILLIAMS**, Jr. and wife Mrs. Richard Williams, Jr.

v.

**RYDER TRUCK LINES, INC. and Mercury Motors, Inc.**

Civ. No. 3–79–305.

United States District Court, E. D. Tennessee, N. D.

Dec. 5, 1979.

Rom L. Meares, Maryville, Tenn., for plaintiffs.

Howard H. Vogel, Ben W. Williamson, Jr., Knoxville, Tenn., for defendants.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

Before the Court is the motion for a new trial or a remittitur filed by the defendants. The motion asserts that the verdicts are excessive and the verdict of Mrs. Williams is without evidence to support it. The verdict for Mr. Williams was $250,000.00; the verdict for Mrs. Williams was $25,000.00.

■ When a verdict is excessive, the Court has the right and the duty to reduce it. *Manning v. Altec, Inc.,* 488 F.2d 127, 130 (6th Cir. 1973). The Sixth Circuit has held that if the verdict awarding damages was clearly within the maximum limit of a reasonable range, ordinarily the trial court should not disturb it. *Manning, supra,* at page 133. (*See Howard v. J. N. Zellner & Sons Transfer,* 529 F.2d 245 (6th Cir. 1976)).

The verdicts in this case appear to be out of line with the awards in other cases tried in this Court. For example, in the case of *Walls v. L & N Railroad Co.,* Civ. 3–78–250 on this docket, a trial was held in November, 1978. Plaintiff was a 33 year old male with a life expectancy of 38 years. He owned a trucking company and earned about $500.00 per week, some of which was put back into his business. Evidence revealed a lower back injury resulting in 10% disability, as a result of which plaintiff claimed that he could not continue to carry on his business. In addition, plaintiff suffered property damage in the amount of $2,900.00. The jury returned a verdict of $45,000.00, and this Court denied defendant's motion for a new trial. That case closely parallels the case of Mr. Williams under consideration.

*Ford v. Lake Erie Produce Farms,* Civ. 3–79–72 on this docket, involved a plaintiff who was 30 years old and who was injured in a motor vehicle accident. Evidence supported a finding of lower back strain with possible protruded intervertebral disc. There were objective findings of muscle spasms in the lower back. The doctor fixed plaintiff's disability at from 5% to 10% to the body as a whole. Plaintiff worked for Alcoa making $9.17 per hour and was out of work for about six months. The jury in that case awarded $30,000.00 damages.

In the case of *Coffman v. Briggs,* Civ. 3–79–210 on this docket, plaintiff was a man 74 years old who was injured in an automobile accident. He missed only two weeks of work totaling $68.00 in lost wages. Other specials included the total value of his 1973 Malibu Chevrolet automobile and an unspecified amount of doctor bills. The jury returned a verdict of $30,000.00 in that case.

■ Although the awards in workmen's compensation cases are not controlling in common law tort action cases, it is interesting to turn to the Workmen's Compensation Act in this case. Section 50–1004 of the Tennessee Code provides that the employer shall furnish free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus, nursing services as ordered by a physician, and hospitalization, "as may be reasonably required." The schedule of compensation for permanent partial disability is contained in T.C.A. Section 50–1007(c). That section provides that permanent partial disability shall be apportioned to the body as a whole, which has a value of 400 weeks, and the amount to be paid is 66⅔% of the employee's weekly salary, subject to a maximum of $100 per week. Thus, for example, compensation paid for 10% permanent partial disability would be 66⅔% of the employee's weekly salary for 40 weeks. Total compensation exclusive of the items listed above, could not exceed $4,000.00.

One of Mr. Williams' doctors in this case fixed his disability at 10% permanent partial. His medical expenses totaled $5,947.50. His base salary as a U. S. Government courier was about $10,000.00, but after overtime, per diem, and other extras were added, plaintiff's pay amounted to upwards of approximately $20,000.00 per year.

It is obvious, in the opinion of the Court, that the $250,000.00 verdict for Mr. Williams is out of line with the verdicts and awards in similar cases in this Court. It is not "clearly within 'the maximum limit of a reasonable range.'" *Manning, supra.* In the opinion of the Court there must be a remittitur of some amount.

The Court has thought about this case almost every day since it was tried. It is a serious responsibility for the Court to try to fix an amount that would be fair to Mr. Williams—who is a worthy citizen, a good worker, and has many admirable qualities. After careful consideration, the Court has reached the conclusion that there must be a remittitur in the case of Mr. Williams of $100,000.00, which leaves a verdict for him of $150,000.00. That, in the opinion of the Court, is a good-sized verdict; and is entirely reasonable in this case.

The decision in the case of Mrs. Williams has not been nearly as difficult as has been the decision in the case of her husband. There is no way that a verdict for Mrs. Williams of $25,000.00 can be sustained. There is no direct proof of her loss. However, the Court can draw reasonable inferences from the proof relating to her husband, who undoubtedly, as previously indicated, sustained a serious and painful injury. In the opinion of the Court, a remittitur of $20,000.00 in the case of Mrs. Williams must be granted. This leaves a $5,000.00 verdict in her favor.

It is accordingly ORDERED and ADJUDGED that a judgment in favor of Mr. Williams in the amount of $150,000.00 and a judgment in favor of Mrs. Williams in the amount of $5,000.00 be awarded. Each plaintiff shall have 10 days from this date in which to accept or reject these remittiturs. In the event of rejection, a new trial is granted.

The motion for a new trial is denied. The motion for remittiturs is granted to the extent indicated in this Memorandum.

Order Accordingly.